# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:01-CR-00049

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**v.**

**JONATHAN HAWKINS**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Reduce Sentence (Docket #112). The government has responded (Docket #114). Defendant has not replied. This matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

Defendant Jonathan Craig Hawkins was indicted on December 4, 2001. A superseding indictment was issued on January 8, 2002. On November 13, 2002, a jury found Defendant guilty of three counts: (1) manufacture of marijuana; (2) possession of ephedrine with intent to manufacture a controlled substance; and (3) possession of firearms in furtherance of a drug trafficking crime. Defendant entered into a plea agreement as to a fourth count, (4) altering or removing motor vehicle identification. On June 6, 2003, Defendant was sentenced to 121 months incarceration as to the first and second counts, 60 months to run concurrently as to the fourth count, and 60 months to run consecutively as to the third count. He also received three years of supervised release.

## DISCUSSION

Defendant asks the Court to reduce his sentence in accordance with the Sixth Circuit's recent decision in *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). In *Almany*, the defendant entered into a plea agreement and was sentenced to a mandatory minimum of ten years

imprisonment under a drug statute (21 U.S.C. § 841(b)(1)(A)) and a mandatory minimum of five years imprisonment under the firearm statute (18 U.S.C. § 924(c)(1)(A)). 598 F.3d at 239-40. These sentences were to run consecutively. The Sixth Circuit had to determine if the language of the firearm statute "forbids the imposition of its mandatory minimum sentence when a defendant is already subject to another, greater mandatory minimum sentence under any other provision of law." *Id.* at 240.

The Sixth Circuit noted that "[t]he plain language of the firearm statute forbids a court from sentencing a criminal defendant under both the mandatory minimum sentence found in the firearm statute and another, greater mandatory minimum sentence in any other provision of law." *Id.* at 241 (citing the language of 18 U.S.C. § 924(c)(1)(A) which states "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law . . . ."). The plain language of the statute does not apply in cases involving the imposition of the mandatory minimum under the firearm statute "in conjunction with another sentence imposed under the Sentencing Guidelines." *Id.* (citing *United States v. Baldwin*, 41 F. App'x 713 (6th Cir. 2002) and *United States v. Jolivette*, 257 F.3d 581 (6th Cir. 2001)). But in cases in which a defendant is subject to two mandatory minimum sentences, the Sixth Circuit held that it was error to sentence a defendant to both the five year mandatory minimum under the firearm statute and a greater mandatory minimum under any other provision of law. *Id.* (citing as persuasive authority *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008)). Thus, the case was remanded for resentencing. *Id.*

Defendant argues that his case is nearly identical to the defendant's case in *Almany*. Defendant received a 121 month sentence under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(c)

for the manufacture of marijuana and the possession of ephedrine with intent to manufacture a controlled substance. He also received the mandatory minimum five year sentence under the firearm statute, 18 U.S.C. § 924(c)(1)(A). The issue in this case is whether Defendant's 121 month sentence under the drug statute is a mandatory minimum as in *Almany*, or whether it is more akin to *Baldwin* and *Jolivette*, which involved sentences imposed under the Sentencing Guidelines.

The government argues that Defendant's 121 month sentence is a guideline sentence, and therefore, the Court's sentencing was proper. The Court agrees, and finds that *Almany* is inapplicable to this matter. During the sentencing hearing, the Court noted as follows:

> The court having sustained the government's motion for upward departure, it now finds that the total offense level is 32 and the defendant's criminal history category is I. Therefore, the guidelines range for imprisonment is 121 to [ ] 151 months, plus 60 months consecutive as to Count 3.
>
> . . .
>
> A sentence of 121 months, plus mandatory consecutive 60 months sentence for a total of 181 months custody to be followed by a three-year [ ] supervised release with special condition for drug aftercare falls within the appropriate guideline and statutory ranges and is considered sufficient to meet the sentencing objectives of punishment, incapacitation and general deterrence.

Sent. Transcript, DN 96, p. 39. Pursuant to Defendant's request that he be sentenced at the low end of the guidelines, the Court ordered a sentence of 121 months.

In contrast, the defendant in *Almany* was charged with violating 21 U.S.C. § 841(b)(1)(A). 598 F.3d at 239-40. Under that statute, a defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . ." 21 U.S.C. § 841(b)(1)(A). There is no such language contained in the statutes with which Defendant was charged. Accordingly, there is no mandatory minimum sentence to be applied. As the Sixth

3

Circuit in *Almany* noted, "a guidelines sentence is obviously not the same as a mandatory minimum sentence . . ." 598 F.3d at 241. Defendant's 121 month sentence does not qualify as a "greater minimum sentence" as required by *Almany* and 18 U.S.C. § 924(c)(1)(A).

While the Court acknowledges and praises Defendant's efforts in securing his GED and completing a drug treatment program while incarcerated, as well as attending a bible study class and accepting responsibility for his actions, the Court simply cannot conclude that *Almany* affords Defendant any relief from his sentence. Accordingly, the Court must deny Defendant's motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Reduce Sentence is DENIED.